UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

Filed/Docketed
Jan 18, 2011

IN RE:                              )
                                    )
CHARETTE, GAIL ANN,                 )    Case No. 10-14292-R
                                    )    Chapter 7
        Debtor.                     )

## MEMORANDUM OPINION

Before the Court is the Order to Show Cause Why Case Should Not Be Dismissed (Doc. 6) and the Reply to the Order to Show Cause (Doc. 8) filed by Debtor Gail Ann Charette (the "Reply").

On December 18, 2010, the Debtor filed her petition for relief under Chapter 7 of the Bankruptcy Code. On December 20, 2010, she filed a Certificate of Credit Counseling that establishes that she received credit counseling two days *after* she filed her petition. Because the Debtor failed to obtain credit counseling "during the 180-day period preceding the date of filing of the petition," as required by 11 U.S.C. § 109(h)(1), and has not demonstrated that she is entitled to a waiver of that requirement under any subsection of § 109(h)(2), the Court concludes that this case must be dismissed.

In her Reply, the Debtor argues that the Court of Appeals for the Second Circuit has held that "failure to obtain pre-filing credit counseling does not mandate automatic dismissal of a petition . . . giving *discretion* to the bankruptcy courts as to giving time to turn in the credit counseling certificates or indeed dismiss the petitions." Reply, ¶ 1 (emphasis added). However, the issue in the case cited by the Debtor, In re Zarnel, 619 F.3d 156 (2d Cir. 2010), had nothing to do with the bankruptcy court's discretion. The issue was a pure legal one,

*i.e.*, whether a bankruptcy case was "commenced," and the automatic stay went into effect, by virtue of a petition filed by a debtor who failed to obtain pre-petition credit counseling. The bankruptcy court below concluded that because a person who did not receive pre-petition counseling was not eligible to "be a debtor" under § 109(h), such a person's petition did not "commence" a bankruptcy case. Accordingly, the bankruptcy court reasoned that because the petition was not effective to "commence" a case, the petition should be stricken. Id. at 164. On appeal, the United States Trustee contended that a bankruptcy petition filed by an ineligible person actually *did* "commence" a case and triggered the automatic stay, and that the proper disposition of such a case was dismissal. Id. at 165.[1]

The Second Circuit agreed with the United States Trustee, holding that an ineligible debtor's petition effectively "commenced" a case and operated as a stay enjoining actions against the debtor and property of the estate. After deciding the sole legal issue before it, the Second Circuit remanded the matter to the bankruptcy court to "consider in the first instance the ramifications of our determination in the circumstances presented here *that cases have commenced*." Id. at 172 (emphasis added). It stated–

> While we note that we are unaware of any case similar to this one in which a court has determined that a case has commenced and yet taken an action other than dismissal, the bankruptcy court did not address whether other actions,

---

[1] The distinction is relevant because different consequences flow from the dismissal of a case and the striking of a petition. For instance, when a debtor's case is dismissed, § 362(c) limits the duration of the automatic stay if the debtor refiles within a certain time period. However, if a petition is stricken and treated as if no bankruptcy case was ever "commenced," arguably a subsequent petition would not trigger the limitations of § 362(c).

> including striking a petition, might be appropriate in these circumstances. We thus conclude that this is a question for the bankruptcy court to address initially.

Id. Accordingly, the Second Circuit remanded the matter to the bankruptcy court to further address how to dispose of these particular cases "commenced" by ineligible debtors.[2] It did not grant the court *discretion* to waive the § 109(h) requirement for pre-petition credit counseling and permit an ineligible debtor to proceed with its case, which is what the Debtor herein requests.

Because the Debtor has not established that she is eligible to be a debtor under § 109(h), this case must be dismissed. A separate order of dismissal will be entered contemporaneously herewith.

**DATED** this 18th day of January, 2011.

DANA L. RASURE
UNITED STATES BANKRUPTCY JUDGE

---

[2] The Court notes that on remand, the bankruptcy court dismissed the three cases that were the subject of the appeal. See Order Reopening Case and Dismissing Case, In re Elmendorf, Case No. 05-55048 (Bankr. S.D.N.Y. Oct. 5, 2010) (Doc. 29); Order Reopening Case and Dismissing Case, In re Zarnel, Case No. 06-35189 (Bankr. S.D.N.Y. Oct. 5, 2010) (Doc. 34); Order Reopening Case and Dismissing Case, In re Finlay, Case No. 06-35274 (Bankr. S.D.N.Y. Oct. 5, 2010) (Doc. 34).